UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.

James Goodwin

Criminal No. 18-cr-208-LM
Opinion No. 2023 DNH 049 P

O R D E R

In this prisoner-initiated request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), [1] James Goodwin seeks a reduction in his sentence. Doc. no. 51. Goodwin argues that his health conditions, combined with the COVID-19 pandemic and the harsh and oppressive conditions of his confinement, present extraordinary and compelling reasons to reduce his sentence. The government objects. Goodwin also asks the court to appoint counsel to represent him in this matter. For the reasons that follow, the court denies both Goodwin's motion and request for counsel.

The court may consider a motion for a reduced sentence under § 3582(c)(1)(A) if the prisoner exhausts his administrative remedies. The court may reduce a sentence based on a finding that "extraordinary and compelling reasons warrant such a reduction" and "after considering the [sentencing] factors provided in [18 U.S.C. §] 3553(a) to the extent they are applicable." § 3582(c)(1)(A). In a prisoner-initiated request for compassionate release, the court has "discretion, unconstrained

_____

[1] This is the second time that Goodwin has moved for a reduction in his sentence pursuant to § 3582(c)(1)(A). The court denied his first motion after a hearing on December 14, 2020.

by any policy statement currently in effect, to consider whether a prisoner's particular reasons are sufficiently extraordinary and compelling to warrant compassionate release." See United States v. Ruvalcaba, 26 F.4th 14, 23 (1st Cir. 2022).

Goodwin is serving a 70-month sentence following a conviction for Possession of Child Pornography. His advisory guideline range was 97 to 120 months, and the court granted a variance and sentenced him to 70 months, with 10 years of supervised release to follow. Goodwin has served approximately 42 months of his 70-month sentence.

Even assuming that Goodwin (1) properly exhausted his administrative remedies and (2) presents extraordinary and compelling reasons warranting a sentence reduction,[2] such a reduction would not be consistent with the sentencing factors set out in 18 U.S.C. § 3553(a), because he represents a danger to the community and should serve his entire sentence. See 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). Goodwin's crime was extremely serious. He participated in online chatrooms used to exchange child pornography, and was engaged in the sharing multiple photos and videos depicting child pornography. He also commented on material shared by others. Moreover, he exchanged inappropriate messages, including a sexually explicit photo of himself, with an undercover agent whom he believed to be a 14-year-old female. When authorities executed a search warrant of his residence, they discovered 20 videos and 11 photos depicting child pornography,

---

[2] The government argues that Goodwin has done neither.

some of which were sadistic in nature. The court is familiar with Goodwin—having imposed the original sentence and then having ruled on Goodwin's first motion for compassionate release.

Goodwin's early release would not be consistent with the sentencing goals of imposing a just punishment, protecting the public, and providing for both general and specific deterrence. For these reasons, Goodwin's motion for compassionate release (doc. no. 51) is denied.[3]

Additionally, the court denies Goodwin's request to appoint counsel (doc. no. 51) as his claim is neither legally nor factually complex and ultimately lacks merit.[4] See United States v. Tilley, No. 1:19-CR-00086-LEW, 2022 WL 911354, at *1 (D. Me. Mar. 29, 2022).

     SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 1, 2023
cc: Counsel of Record

---

[3] In his reply brief (doc. no. 56), Goodwin also asks the court to order the government to provide certain records from the Bureau of Prisons and FCI-Fort Dix, where he is incarcerated, so that he could use them to support his claim during an evidentiary hearing. Because the court assumes for the purpose of deciding Goodwin's motion that he would succeed in showing extraordinary and compelling reasons warranting a sentence reduction, yet still conclude his motion fails under the § 3553(a) factors, neither the records nor an evidentiary hearing would impact the outcome of Goodwin's motion. Thus, these requests are also denied.

[4] Furthermore, the court appointed counsel to assist Goodwin with his first motion for a reduction in his sentence and ultimately found that Goodwin's claim failed for the same reasons it fails today.